JONATHAN MELMED (SBN 290218)
jm@melmedlaw.com
HANNAH BECKER (SBN 345452)
hb@melmedlaw.com
**MELMED LAW GROUP P.C.**
1801 CENTURY PARK EAST, SUITE 850
LOS ANGELES, CA 90067
T. 310-824-3828 | F. 310-862-6851

Attorneys for Plaintiff MARIAH WELLS, the Putative Class, and the Aggrieved Employees


BARBARA A. COTTER, ESQ. (SBN 142590)
ALEXIS M. GABRIELSON, ESQ. (SBN 298738)
ZACHARY H. RANKIN, ESQ. (SBN 319980)
bcotter@cookbrown.com
COOK BROWN, LLP
2407 J STREET, SECOND FLOOR
SACRAMENTO, CALIFORNIA 95816
T. 916-442-3100 | F. 916-442-4227

Attorneys for Defendant DCI DONOR SERVICES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIAH WELLS, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br>DCI DONOR SERVICES, INC., a Tennessee Corporation; and DOES 1 to 50,<br><br>Defendants. | Case No. 2:21-cv-00994 CKD<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER AMENDING OCTOBER 7, 2024 ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Final Approval Hearing Date:<br>March 19, 2025 | 10:00 a.m. | Room 24<br><br>Action Filed: April 30, 2021 |

Plaintiff MARIAH WELLS ("Plaintiff") and Defendant DCI DONOR SERVICES, INC. ("Defendant"; collectively, the "Parties") respectfully submit the following Amended Stipulation and [Proposed] Order to Amend the October 7, 2024 Order Preliminarily Approving Class Action Settlement, pursuant to the Court's January 14, 2025 Order:

WHEREAS on October 7, 2024, this Court issued an Order preliminarily certifying a class for settlement purposes and approving a class-based settlement in this matter; and

WHEREAS the moving papers in support of class certification and class settlement accurately described the proposed class as "non-exempt per diem piece rate employees"; and

WHEREAS the Parties' Memorandum of Understanding Regarding Class and PAGA Action Settlement and Release ("MOU") attached to the Motion for Preliminary Approval mistakenly defined the class as "non-exempt per diem employees"; and the proposed Notice of Pendency of Class and Representative Action and Proposed Settlement, attached to the Declaration of Megan E. Ross in support of the moving papers, likewise mistakenly identifies the class as "non-exempt per diem employees"; and

WHEREAS the Court's October 7, 2024 Order references the MOU's incorrect class definition; and

WHEREAS the Parties hereto seek to ensure certification of the class as defined in the moving papers; and

WHEREAS the settlement agreement with the correct class definition, identified as the Amended Memorandum of Understanding Regarding Class and PAGA Action Settlement and Release ("Amended MOU") is attached hereto as Exhibit A; and

WHEREAS, pursuant to the Court's January 14, 2025 Order, the Parties identify the changes made through the Amended MOU as follows:

1. The definition of "Class" and "PAGA" class members was revised to "per diem piece rate non-exempt employee" in Paragraphs 3 and 23;

2. Paragraph 31 of the original MOU erroneously stated that the release period commenced September 9, 2010, which was corrected in the Amended MOU to the intended date of April 30, 2017; and

3. Paragraph 55(f) of the original MOU included up to $5,000.00 to resolve Class Counsel's claims for out of pocket litigation expenses. This figure was updated to

- 2 -
**STIPULATION AND [**~~PROPOSED~~**] ORDER TO AMEND OCTOBER 7, 2024 ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

include up to $12,000.00 to resolve Class Counsel's claims for out of pocket litigation expenses. In effect, this is not a material change as Class Counsel will request less than $5,000.00 in out of pocket litigation expenses at final approval.

WHEREAS, the new definitions of "Class" and "PAGA Class," as well as the corrected release period, comply with the requirements of Federal Rule of Civil Procedure 23 and do not materially change the Court's October 7, 2024 Order, because the moving papers correctly identified, and the settlement was based upon, these class definitions and release period. The MOU erroneously defined the class such that it included all employees who worked on a per diem basis, as opposed to only those employees who worked on a piece rate, per diem basis.  The MOU's class definition accordingly would have expanded the class well beyond the Parties' intentions and the scope of the settlement.  The corrections within the Amended MOU therefore do not materially change the Court's October 7 2024 Order, as the settlement and the Motion for Preliminary Approval were based upon the class definitions and release period set forth in the Amended MOU; and

WHEREAS, the proposed corrected notice to putative class members, identified as the Amended Notice of Pendency of Class and Representative Action and Proposed Settlement ("Class Notice") is attached hereto as Exhibit B,

Therefore, the Parties stipulate to the following:

1. The Court's October 7, 2024 Order is hereby modified to define the class as "non-exempt per diem piece rate employees" and to otherwise approve the terms of Exhibit A and Exhibit B; and

2. The original MOU has no effect; and

3. The putative class members and aggrieved employees will receive the Class Notice attached hereto as Exhibit B in lieu of the original notice attached to the Declaration of Megan E. Ross; and

4. All dates for compliance will be set from the date of this order in accordance with the deadlines identified on page 26 of the Amended MOU.

5. The Final Approval Hearing is continued from March 19, 2025 to _____.

DATED: January 27, 2025         MELMED LAW GROUP P.C.
                                JONATHAN MELMED, ESQ.
                                HANNAH BECKER, ESQ.


                                By:  /s/ Hannah Becker
                                    Attorneys for Plaintiff
                                    MARIAH WELLS, the Putative Class,
                                    and the Aggrieved Employees

DATED: January 27, 2025         COOK BROWN, LLP
                                ZACHARY H. RANKIN, ESQ.


                                By:  /s/ Zachary H. Rankin
                                    Attorneys for Defendant
                                    DCI DONOR SERVICES, INC.

# ORDER

Based on the parties' stipulation, and for good cause shown, IT IS SO ORDERED that:

1. The Court's 10/7/2024 order granting plaintiff's unopposed motion for conditional class certification and preliminary approval of settlement (ECF No. 37) will be modified to define the "class" as "all individuals who are or were employed by Defendant as per diem piece rate non-exempt employees in California from April 30, 2017 through the earlier of March 1, 2023 or the date of preliminary approval of the settlement (the "Class Settlement Period")"; and "PAGA class" as "all individuals who are or were employed by Defendant as per diem piece rate non-exempt employees in California during the PAGA Settlement Period" as indicated in the Amended Memorandum of Understanding Regarding Class and PAGA Action Settlement and Release ("Settlement Agreement") filed concurrently with the parties' stipulation (*see* ECF No. 41-1 at 3 ¶ 3, 6 ¶ 23);

2. The terms of the Settlement Agreement (ECF No. 41-1, Exh. A) are preliminarily approved;

3. The Amended Notice of Pendency of Class and Representative Action and Proposed Settlement ("Class Notice") (ECF No. 41-1, Exh. B) is approved;

4. The original Memorandum of Understanding Regarding Class and PAGA Action Settlement and Release (ECF No. 30-2, Exh. A) has no effect;

5. The putative class members and aggrieved employees will receive the Class Notice (ECF No. 41-1, Exh. B) in lieu of the original notice attached to the Declaration of Megan E. Ross (ECF No. 30-2, Exh. 1 at 57-67);

6. All dates for compliance will be set from the date of this order in lieu of the dates set in the October 7, 2024 Order, as set below, and as delineated by the Settlement Agreement:

      a. Deadline for Defendant to provide the Settlement Administrator the most recent names, mailing addresses, phone numbers, and Social Security numbers it has for all Class Members, as well as any information regarding the Class Members' dates of employment and leaves of absence:  February 18, 2025;

      b. Deadline for mailing of Class Notices by Settlement Administrator: March 10, 2025;

      c. Last day for Class Members opt out, submit written objections to the court, or dispute the workweeks calculated:  Within 60 days after the mailing (or remailing) of the Class Notice;

      d. Last day for Plaintiff to request final approval of the settlement agreement, attorneys' fees, and incentive award:  May 26, 2025;

      e. Last day for Settlement Administrator to Provide Class Counsel with Declaration of Due Diligence:  May 26, 2025; and

7. The Final Fairness Hearing scheduled for March 19, 2025 is VACATED, and reset for July 16, 2025 at 10:00 in Courtroom 24.

Dated:  February 3, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, well.0994.21